UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Laytonia
Flagg vs.          **Plaintiff(s)**          )
)
)
(N.Y.S Division of Parole          )
Syracuse Police Dept          **Defendant(s)**          )
Onondaga County District Attorney Office

Civil Case No.:     5:19-cv-886-TJM-ATB

**CIVIL
RIGHTS
COMPLAINT
PURSUANT TO
42 U.S.C. § 1983**

Plaintiff(s) demand(s) a trial by: ☑ JURY     ○ COURT     (Select only one)

U.S. DISTRICT COURT - N.D. OF N.Y.
**FILED**
JUL 23 2019
AT_____O'CLOCK_____
John M. Domurad, Clerk - Syracuse

Plaintiff(s) in the above-captioned action, allege(s) as follows:

**JURISDICTION**

1. This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4) and 2201.

**PARTIES**

2. Plaintiff: Laytonia Flagg

   Address: 232 Empire Ave.

   Syracuse, N.Y.

   13207

Additional Plaintiffs may be added on a separate sheet of paper.

3. a. Defendant: N.Y.S. Division of Parole

   Official Position: Parole Officer, Mark Seben, et. al

   Address: 350 South Ave

   Rochester, N.Y.

   14620

b.  Defendant: *The Syracuse Police Dept.*

Official Position: *Detective(s) William Summers (#ED0409*
*Sgt. D P Proud # 0140, Richard Curran*
*#ED0066*

Address: *511 S. State St.*
*Syracuse, N.Y. - 13202*

c.  Defendant: *Onondaga County District Attorney*

Official Position: *William J. Fitzpatrick District Attorney*

Address: *505 S. State St*
*Syracuse, N.Y.*
*13202*

Additional Defendants may be added on a separate sheet of paper.

4.                                      **FACTS**

Set forth the facts of your case which substantiate your claim of violation of your civil and/or Constitutional rights.  List the events in the order they happened, naming defendants involved, dates and places.

**Note: You must include allegations of wrongful conduct as to EACH and EVERY**
**defendant in your complaint.**  (You may use additional sheets as necessary).

*(See Attachments)*

5.                    **CAUSES OF ACTION**

Note: You must clearly state each cause of action you assert in this lawsuit.

### FIRST CAUSE OF ACTION

( See Attachments )

### SECOND CAUSE OF ACTION

( See Attachments )

### THIRD CAUSE OF ACTION

( See Attachments )

6.    **PRAYER FOR RELIEF**

   **WHEREFORE,** plaintiff(s) request(s) that this Court grant the following relief:

   ( See Attachments )

   I declare under penalty of perjury that the foregoing is true and correct.

DATED: 7-22-2019

_____

_____
Signature of Plaintiff(s)
(all Plaintiffs must sign)

02/2010

Attachments to Civil Rights Complaint Pursuant to 42 U.S.C. 1983

Facts:

On or about August 8, 2016, the New York State Division of Parole, represented by P.O. officer Mark Saben, entered 514 Marcellus Street to conduct a standard home visit. Occupying the residence were Mario Leslie and his girlfriend Tamacha Rodriguez. Tamacha R. answered the door. Mario Leslie was in the bedroom and was summoned to the front of the apartment to speak with Parole officer Mark Saben.

According to the report, (See CNYLEADS Narrative Supplement 1, DR#16-405888, dated 8/11/2016), in that report, P.O. Saben stated that as he was leaving, walking toward the front door, he turned and observed some glassine packets known to contain heroin.

P.O. Mark Saben informed parolee Mario Leslie that upon this discovery of the glassine packets, they were going to conduct a search of "his residence", per conditions of his parole release.

P.O. Mark Saben, et al., commenced to search the entire residence.

Mario Leslie was returned to the bedroom of the residence and it too was searched. A safe was found therein that contained a loaded Glock, model 30 semi-automatic handgun and US currency totaling approximately $31,925. Parole Officer Mark Saben also noticed a key chain and that there was a second set of keys on that keychain which were identified as keys belonging to Mario Leslie's mother's residence, (Plaintiff). Please note, that the money

found admittedly belonged to both Mario and Tamacha, (accrued from drug activity and a settlement, respectfully).

At this point, Sr. P.O. Rigby called the Syracuse Police Department. The search of the 514 Marcellus Street address by Parole had concluded. (An affidavit from Saben was obtained from Saben regarding his involvement-see CNYLEADS Dr#16-405888)

The report further states that a Detective, with the Syracuse Police Department, a Sgt. A. Llukaci was called and he in turn advised detectives William Summers (ID# 0409), and a Sgt Detective D.P. Proud (ID# 0140), to respond to the 514 Marcellus Street address.

Upon his arrival, Sgt. D. P. Proud stated that he spoke with Tamacha R. and that she allegedly told him Mario Leslie told her that he keeps money at his mother's apartment-although there is no affidavit on file to attest to that assertion by the Det. Proud.

Absent proof of Tamacha R. even making the statement that Mario Leslie had money at his mother's apartment, further calls into question one or more of what, if any, legal grounds or jurisdiction that the Syracuse Police Department had to even initiate a warrant (request) and or conduct a subsequent search of Plaintiff's residence at 112 Fordham Rd. There wasn't any corroborating evidence or probable cause that would substantiate a warrant to enter 112 Fordham Rd. Plaintiff's private residence.

Plaintiff was present at the time Syracuse Police and Parole officer Mark Saben arrived at her residence and was denied entrance even though there was no warrant available at that time. Please note that the Plaintiff asserts that the Police also entered her residence with the assistance of P.O. Mark Saben, who possessed Plaintiff's door key taken from her son Mario prior to their actual possession of the warrant for 112 Fordham Rd.

2

Plaintiff asserts that there was no connection to her residence to her son's activity and notably, the fact that he had no residential ties to 112 Fordham Rd. Even if Plaintiff's son had residence at 112 Fordham Rd., the Syracuse Police /Parole can't search outside of the area of 112 Fordham Rd that her son controlled-i.e. limited to just his living space, his bedroom.

Plaintiff believes that the warrant issued was faulty and too broad to be a legitimate search when the living space of the Plaintiff was searched without legal cause.

## FIRST CAUSE OF ACTION

Plaintiff asserts that her first cause of action was the violation of her 4th Amendment rights, pursuant to the United States Constitution.

The Syracuse Police Department, under the direction of the New York Division of Parole, requested a warrant to search Plaintiffs residence at 112 Fordham Rd. stemming from a Division of New York State Parole home visit that yielded approximately $200 dollars' worth of heroin and $31,925 dollars in US currency at the residence of the Plaintiff's son who was on parole and a set of keys on his keychain that belonged to his mother's (Plaintiff) apartment.

Please note that the parolee, Mario Leslie, (Plaintiff's son), had no property or shared space at 112 Fordham Rd. He officially resided with his girlfriend at 514 Marcellus Street.

At the time of the search at 514 Marcellus St, Mario Leslie possessed keys to his mother's apartment (Plaintiff). However, possession of those keys doesn't constitute

probable cause to initiate a full search of his mother's (Plaintiff) residence . Plaintiff is the parent of Mario Leslie and his possession of those keys were solely for the purpose of gaining entry to his mother's apartment if for any reason he felt that his mother was hurt or incapacitated in some way and couldn't answer the door-which is common.

To date, there is no affidavit affixed to any documents, the alleged statement from Tamacha Rodriguez, Syracuse Police Det.'s affidavit laying out solid legal reason or probable cause for requesting a warrant that attests to a "high standard of proof" or even that "a fair probability that contraband or evidence of a crime will be found in a particular place" at the Plaintiff's Fordham Rd. residence.

After searching plaintiff's apartment, including her bedroom, 40k was found in Plaintiff's private home safe, within Plaintiff's bedroom closet. Upon further investigation it would've been established that Plaintiff had legal possession of the 40k.

Please note, that as of this writing, Plaintiff has been gainfully employed at Blue Cross Blue Shield for the last 19 yrs.

However, in and of itself, possessing a private home safe doesn't justify the Syracuse Police Department taking the contents nor does it establish that this money was a product of ill-gotten gains belonging to the Plaintiff's parolee son.

This action violated Plaintiff's 4th Amendment rights. The Syracuse Police had no legal right to search Plaintiff's Apartment-Plaintiff's son did not live at 112 Fordham Rd. Other than her son's possession of her apartment key, there is no reasonable cause, surveillance data, nothing to connect Plaintiff to her son's illegal activities. In fact, Plaintiff

4

doesn't condone drug dealing or any other illegal act and he didn't live there. He had no legal residence there.

Prior to issuing the warrant there was an obvious need for further investigation of the issue of jurisdiction. Plaintiff thinks that the jurisdiction issue wasn't legally regarded, by the Syracuse Police nor the judge granting the warrant, thus violating Plaintiff's 4th amendment rights.

Right after the seizure, Plaintiff informed the District attorney's office, namely, assistant district attorney Sean Chase, that the money didn't belong to her son and that this money was her savings toward a home that she wanted to purchase. Plaintiff produced tax returns for the last 5 consecutive years to attest to the fact that she legally possessed the money.

Knowing this, assistant district attorney Sean Chase stated to Plaintiff that his office would return the illegally seized money.

Plaintiff also filled out a complaint form, within the first weeks of this incident, to complain about police conduct in Plaintiff's home and sought the immediate return of the Plaintiff's money.

Subsequently, the district attorney's office responded to the property release form request, through a 3rd party (Feldman, Kramer & Monaco, P.C.).

However, the property form document wasn't signed properly-as if to avoid any individual responsibility for the document; Please note, that the document admitted the whereabouts of the Plaintiff's property, it revealed that the Plaintiff's legally possessed

5

currency was improperly forfeited along with the monies ($31,925.00) seized at 514 Marcellus St.

On three separate occasions, assistant district attorney, Sean Chase told the Plaintiff that they were going to return the money. It had become clear that this was a stalling tactic on the part of the District Attorney's office. It was expressed by assistant district attorney Sean Chase that they were waiting to hear from Plaintiff's son's attorney in hopes of persuading Plaintiff's son to sign a forfeiture document that later became clear to the Plaintiff that the forfeiture included what was seized at both residences-he eventually, under duress, signed off on the money seized from both residences, which totaled $71,925- from 514 Marcellus St. and the $40,000 of which was seized from 112 Fordham Rd.

The $40,000 taken from 112 Fordham Rd belonged to the Plaintiff and wasn't Mario Leslie's to forfeit, nor was it specifically mentioned that a portion of the money he signed on the waiver came from Plaintiff's personal home safe and was not a part of Mario Leslie's forfeiture of his ill-gotten gains.

Instead the Waiver And Stipulation signed by Plaintiff's son (falsely) states that "The Syracuse police Department arrested me (Mario Leslie) on August 8, 2016 at 514 Marcellus Street, Syracuse New York and charged me with the crime of Criminal Possession of a Controlled Substance in the Third Degree and related charges. At the time of the arrest the Syracuse Police Department seized $67,269.00. The money is presently being held under DR#16 405888. I am not aware of any other person who is or claims to be the owner of this money". This statement is entirely false. Total seizure was $71,925.00. taken from both 514 Marcellus Street and 112 Fordham Rd.

The Waiver and Stipulation document is dated 28 day of February 2017.

Plaintiff placed several written requests with the District Attorney's Office, Citizen Review Board and the Syracuse Police Department for the monies seized from Plaintiff's private home safe, at the 112 Fordham Rd residence. These requests were made as early as August 23. 2016, approximately 2 weeks after the arrest of Mario Leslie (Plaintiff's son).

With every effort made to contact the DA's office, Plaintiff couldn't get any consistent or truthful information from said Office-namely, from contact person, assistant district attorney Sean Chase; of whom, was handling this matter.

As a result of not getting any truthful responses from Sean Chase, Plaintiff then enlisted the help of Feldman, Kramer & Monaco, P. C. (See attached correspondence to this motion from the DA's office, under File No.: LS895591 (See enclosed letter received March 12, 2018 and dated March 6, 2018).

The above referenced correspondence contained a letter, addressed to a Ms. Cox, from FK&M's office, and signed by a paralegal, Kimberley M. Osbeck, with the County of Onondaga's District Attorney's office. Correspondence contained a copy of a Waiver and Stipulation signed by Mario Leslie, forfeiting $67,269.00; $4656.00 below the actual $71,925.00 total initially seized from both residences.

More importantly, after the search and seizure of the 40k from Plaintiff's personal home safe, Plaintiff maintains that the Syracuse Police Department did not follow legal procedure-i.e. entering the residence at 112 Fordham Rd without the warrant in hand, with a key supplied by PO Mark Saben who was present. Plaintiff wasn't afforded with a receipt for the property taken from her residence, in compliance with the law.

7

The money taken from Plaintiff isn't mentioned specifically in any of the paperwork afforded Plaintiff. The Plaintiff wasn't afforded any information, documentation explaining to Plaintiff what happened specifically to her money until Feldman, Kramer & Monaco got involved.

How the determination (combining her monies with the arrest at 514 Marcellus Street) was legally arrived at to search Plaintiff's residence is still not clear. The residence at 112 Fordham Rd was not in the possession or control of the person being detained-namely Mario Leslie-at 514 Marcellus Street.

Plaintiff sought out and spoke in person to the Chief of the Syracuse Police Department, Frank Fowler, and asked as to why and on what legal grounds were they, the Syracuse Police Department, authorized to search Plaintiff's residence and he verbally conceded at that time that the search of 112 Fordham Rd wasn't procedurally correct. He assured Plaintiff that the Plaintiff's complaint would be thoroughly investigated (See attached correspondence from Chief Frank Fowler/Mayor Stephanie Minor's office).

After Chief Fowler's "thorough investigation" was concluded, Plaintiff requested a copy of his findings and the Chief, at this time, directed Plaintiff to seek out a FOIA to see the report.

## SECOND CAUSE OF ACTION

Upon review of the 4th Amendment and what's required for lawful entry and seizure of property, the actions of the Syracuse Police Department were not based on any reliable information showing "a high standard of proof" or that "a fair probability that

8

contraband or evidence of a crime will be found in a particular place". Namely, at 112 Fordham Rd, Syracuse, New York.

The 4th Amendment states that all citizens have "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause supported by Oath or affirmation..."

Again, Plaintiff has not been afforded any documentation (showing cause or legal standing to seize her property) in the form of an affidavit from the Detective William Summers (ID#0409) and Parole officers Mark Saben and Sr. PO Rigby also involved with this case, as it relates to Plaintiff's residence at 112 Fordham Rd. and 514 Marcellus Street.

Plaintiff is a hard-working citizen of Syracuse, New York. Plaintiff has been steadily employed at one place of employment for 19 yrs. and has no criminal convictions or drug affiliations.

Prior to the issuance of the warrant, no consideration of Plaintiff's standing in the community went towards influencing the determination by authorities to go forward with this unwarranted search. The presumption of innocence wasn't given to Plaintiff due to a rush to judgment.

There is no connection between the Plaintiff and the son's illegal activities. There was no surveillance of Plaintiff or Plaintiff's residence to support or establish a link between the two parties. There were no signs of any drugs, paraphernalia or previous drug activity at 112 Fordham Rd., no discovery of anything associated with drug activity at said residence. There wasn't anything illegal found at Plaintiff's residence.

WHEREFORE, Plaintiff requests that this Court grant the following relief:

That the $40,000 dollars seized from 112 Fordham Rd., Apt. 1B be returned in its entirety.

That fair compensatory damages be afforded to Plaintiff for the Syracuse Police Department trashing Plaintiff's two bedrooms at 112 Fordham Rd.

That Plaintiff requests fair compensatory damages for loss of income, approximately 13 hrs.

Plaintiff worked at home and had went on break and upon Plaintiff's return she was refused entry to her residence and lost approximately 5 hrs. of income.

Police found a weed roach at Plaintiff's residence and an appearance ticket was issued and the judge threw it out and stated that the roach was strictly for constructive use. As a result, Plaintiff loss income from work in order to appear in court.

Plaintiff requests that punitive damages be awarded for emotional pain and suffering.

Plaintiff suffered emotional pain due to the delay in purchasing her dream home.

It is the Plaintiff's prayer and request that the Court grants relief.

**Laytonia Flagg**

**7-22-2019**

### SEARCH WARRANT

**STATE OF NEW YORK**          **COUNTY OF ONONDAGA**          **CITY OF SYRACUSE**

STATE OF NEW YORK)
COUNTY OF ONONDAGA)          **SS**                    SYRACUSE CITY COURT
CITY OF SYRACUSE)


HONORABLE_____, Issuing Judge

---

## TO ANY POLICE OFFICER OF THE SYRACUSE POLICE DEPARTMENT OR ANY POLICE OFFICER OF THE STATE OF NEW YORK.

Proof by affidavit, having been this day made before me by **Det. William Summers**, a Police Detective with the Syracuse Police Department, assigned to the Special Investigations Division, Narcotics Section, as a Detective, that there is reasonable cause for believing that the property described below may be found within the **location** described below:

### 1.)  112 Fordham Road apartment 1B, Syracuse New York, 13204

1. The **location** to be searched is described as the following:  The premises being **112 Fordham Road**, located in the City of Syracuse, the County of Onondaga, and the State of New York. The structure; being an apartment building clearly marked as **#112** in green numbers above the main entrance to the complex. The apartment complex is a two story red brick and wooden frame structure. The residence is red brick with green and tan-ish brown in color trim and black/gray three tab composition shingle roof. The front entrance to the residence faces south, towards **Fordham Road** and can be accessed through a tan-ish brown colored door that is clearly marked **#112** in green numbers directly above the main entrance centered of porch front. Once Entry is made into the apartment building, **#112 Fordham Road** from the front door, the residence **apartment #1B** is located straight in towards the rear and the door is dark brown in color with the number and letter, **1B** located in the center of the door on the knocker and the door faces south. The search is to include any and all areas of access, entry, and egress, storage, attic, basement, kitchen, bedroom(s), bathroom(s), living room, dining room, curtilage, safe(s), mailbox(s), and any and all areas found to be associated with the aforementioned location, and any and all storage areas found to be associated with the aforementioned location and under control of said tenant(s), as well as any and all areas capable of concealing the narcotic controlled substance commonly known as **Heroin** and / or paraphernalia, weapons, monies, compounds, mixtures, and/or items used in the preparation of, possession of, use of, sale of, and/or concealment of, the narcotic controlled substance commonly known as **Heroin** and any and all item(s) (evidence) showing or tending to show preparation of, use of, sale of, possession of, and/or concealment the narcotic controlled

substance commonly known as **Heroin**. This is in violation of section 220.00 and 265.00 of the New York State Penal Law.

And since it is common for individuals who engage in the trafficking and distribution of the narcotic controlled substance commonly known as **Heroin** to acquire assets in their own names as well as others, and to maintain and keep financial records, in their own names as well as others, the search is also to include, consisting of but not limited to legal documents, bank books and statements, deeds, titles, receipts, handwritten or typed ledgers or documents, electronic devices (ie. But not limited to PDA's, computers, cellular phones, electronic notebooks) and **A further request is made of the court to grant the forcible removal of data, (i.e. but not limited to; pictures, text messages, phone numbers or any other information)** from any electronic device correspondence that may contain evidence of possession and/or sale of the narcotic controlled substance commonly known as **Heroin.**

**YOU ARE AUTHORIZED AND DIRECTED** to search for the above described property for evidence in the crime of Criminal Possession of a Controlled Substance, Criminal Sales of a Controlled Substance in violation of Section 220.00, Criminal Possession of a Weapon, in violation of Section 265.00, and any other narcotic/drug related offense of the New York State Penal Law:  Any firearms and any firearms related material such as ammunition, firearms cases or cleaning products for firearms.  Any documents or pictures that confirm the residency at that specific address; pursuant to Section 690.10(4) of the New York State Criminal Procedure Law.; and **IF ANY SUCH PROPERTY IS FOUND**, you are directed to seize the same and, without delay, return and deliver to this court such property together with this warrant.

**[SECONDARY ELEMENTS IF APPLICABLE]**

Pursuant to Section 690.45 sub-section 5, 6 and 7 of the New York State Criminal Procedure Law, YOU ARE DIRECTED TO EXECUTE THIS WARRANT:

(    ) AND SEARCH ANY PERSON(S) FOUND IN SAID PREMISES
(    ) BETWEEN THE HOURS OF 6:00a.m. and 9:00 p.m.
(    ) AT ANY TIME OF THE DAY OR NIGHT
(    ) YOU ARE AUTHORIZED, IN THE EXECUTION OF THIS WARRANT, TO ENTER THE PREMISES TO BE SEARCHED WITHOUT GIVING NOTICE OF YOUR AUTHORITY OR PURPOSE.

This Warrant must be executed not more than ten days after the date of its issuance, and any property seized pursuant hereto shall be returned and delivered to the Court without unnecessary delay.

8/9/16
1:56ᵖᵐ

_____
Judge

Syracuse City Court Judge

Frank L. Fowler
Chief of Police

Joseph L. Cecile
First Deputy Chief

Shawn M. Broton
Deputy Chief

Rebecca E. Thompson
Deputy Chief



**DEPARTMENT OF POLICE**

Stephanie A. Miner, Mayor

01 November 2016

LayTonia Flagg
112 Fordham Road
Apt. # 1B
Syracuse, New York 13203

Dear Ms. Flagg:

This letter is to inform you that your complaint has been
investigated by the appropriate personnel and a report of their
findings and recommendations has been forwarded to me.

You can be assured that I will take the proper administrative
action in this case.

Sincerely,

Frank L. Fowler
Chief of Police

FLF/pdh

511 S. STATE STREET SYRACUSE, N.Y. 13202 (315) 442-5200

**SYRACUSE POLICE DEPARTMENT**

| CIVILIAN COMPLAINT REPORT | FOR OFFICE OF INTERNAL AFFAIRS USE ONLY |
|---|---|
| This report is being filed charging improper conduct on the part of Police as described below | IAB # 16-91 |
| | BEAT # |
| | COMP # |

Name: Laytonia Flagg

DATE/TIME

Address: 112 Fordham Rd #1B

Date of Birth: ▮▮▮▮ Age: 52 yrs.

Home Phone: 315-314-6755      Work Phone: 315-671-7198

Additional phone numbers where complainant may be contacted:

Date of Incident: August 9, 2016      Time of Incident: Close to 1:00-1:30pm

Describe what you consider improper conduct (ethnic/racial slur, discourtesy etc.): Ignorance, very unnecessary things done, stealing, not allowing me to enter my home for no reason.      Warrant was issued at 1:56pm

**STATEMENT OF FACTS**

On August 9, 2016, I returned home from a short leave. Upon return, I entered the building at 112 Fordham Rd, and there were 2 officers standing in front of the entrance of my apartment. They told me that I could not enter. They did not present anything as to why I could not enter. I work at home and they would not let me in my apartment. I did advise them that they were ▮▮▮▮▮▮ interrupting my work. I was not given a reason as to why I could not enter the place where I pay rent and live at. This process went on for a couple of hours, as officers entered the apartment and building. A couple of them arrived and took a picture of the building with the numbers showing. I live a totally different lifestyle from my son and I am a productive member of society. The SPD entered my apartment with personal keys and also my safe. They trashed both bed rooms by emptying every closet/shoebox drawer. They poured the bathroom trashcan in my bathtub and added the towel and washcloth. They stole my money out of my safe, did not inform me of what they took. They did not give me a receipt but a tick for 1/2 joint in my ash. They present the warrant after the fact. I want my home back.

*False statements made herein are punishable as a Class A Misdemeanor pursuant to Section 210.45 of the Penal Law of the State of New York.*

Signature _[signature]_ AFFIRMED UNDER PENALTY OF PERJURY

Form 974 (2/05)      (Continued on reverse side)

# CITIZEN REVIEW BOARD

## STEPHANIE A. MINER, MAYOR

December 2, 2016

Ms. Laytonia Flagg
112 Fordham Road, Apt. 1B
Syracuse, NY 13206

Dear Ms. Flagg:

On August 23, 2016, you filed a complaint against a Syracuse Police Department Officer concerning an incident that occurred on August 9, 2016. On December 1, 2016, **the Syracuse Citizen Review Board voted to *not* send this case to a hearing panel.**

Following an investigation and based information and facts available, although there does appear to be culpable wrongdoing on the part of SPD regarding the events on the day in question, SPD largely behaved within their rules and regulations while conducting a warranted search and seizure under the notification of a parole violation.

You did the right thing by contacting the CRB to have your case heard and investigated. The CRB wants you to know that even when complaints do not result in a hearing or a sustained finding against the officer, they still contribute to the CRB's ability to examine SPD policy and training. This can ultimately lead to recommendations for changes and improvements in SPD policy, practices and training. So your input and feedback on such police interactions is considered critical to the operations of the Citizen Review Board and are greatly appreciated.

Please let me know if you have any additional questions about the CRB investigation or hearing process in regards to your case.

Best Regards,

David L. Chaplin II, Esq.
Administrator



RECEIVED

MAR 12 2018

FK & M

# DISTRICT ATTORNEY
## WILLIAM J. FITZPATRICK

County of Onondaga
Criminal Courthouse, 4th Floor
505 South State Street
Syracuse, New York 13202
315-435-2470
Fax: 315-435-3969

March 6, 2018

Feldman, Kramer & Monaco, P.C.
Attn: Kathleen R. Cox, Esq.
330 Vanderbilt Motor Parkway
Hauppauge, New York 11788-5110

**Re:** **Laytonia Flagg**
**Your File No.: LS895591**

Dear Ms. Cox:

Enclosed please find a copy of a Waiver and Stipulation signed by the defendant, Mario Leslie, forfeiting $67,269.00, pursuant to CPLR Article 13-A. Said money has been deposited with the Onondaga County Finance Department awaiting to be disbursed.

Thank you for your consideration in this matter.

Respectfully,

Kimberly M. Osbeck
Paralegal

Enc.

895591

16-111

**STATE OF NEW YORK**
**COUNTY OF ONONDAGA**

---

**WILLIAM J. FITZPATRICK**
**DISTRICT ATTORNEY OF ONONDAGA COUNTY,**

       Plaintiff - Claiming Authority,

       -against-

       **MARIO LESLIE**

              Defendant.

**WAIVER AND**
**STIPULATION**

---

STATE OF NEW YORK   )
                 ) ss:
COUNTY OF ONONDAGA )

       **MARIO LESLIE**, being duly sworn, deposes and says:

       I am the defendant in the case of **People v. MARIO LESLIE** DR Number(s) **16-405888**.

       The **Syracuse Police Department** arrested me on **August 8, 2016** at **514 Marcellus Street, Syracuse, New York** and charged me with the crime of **Criminal Possession of a Controlled Substance in the Third Degree and related charges.** At the time of the arrest, the **Syracuse Police Department** seized **$67,269.00.**  The money is presently being held under DR #**16-405888**. I am not aware of any other person who is or claims to be the owner of this money.

       I understand that by virtue of my actions, I may have become liable for the forfeiture of monies possessed or constructively possessed as a result of my activities, pursuant to Article 13-A of the Civil Practice Law and Rules of the State of New York.

       I have concluded that the District Attorney would likely establish that the above-mentioned property is subject to forfeiture pursuant to CPLR Article 13-A and that the District Attorney would likely prevail in such a forfeiture action.

       I have therefore decided to avoid a civil lawsuit by relinquishing any rights, title or interest I may have ever had in the aforementioned money, and I agree to the transfer of this money to the Onondaga County District Attorney's Office pursuant to CPLR Article 13-A.

I am fully familiar with and understand the terms of this waiver statement. I have agreed to this voluntarily and of my own free will.

I HEREBY STIPULATE and agree to forfeit my right, title, and interest in the aforementioned monies, currently in the custody of the **Syracuse Police Department** under DR # **16-405888** to the Onondaga County District Attorney's Office to be distributed in accordance with §1349 CPLR.

I FURTHER STIPULATE and agree never to seek recovery of this forfeited money from the Onondaga County District Attorney's Office or from any other party or individual.

AGREED TO BY:

_____
DEFENDANT- MARIO LESLIE

Sworn to before me this

_____ day of ___February___ , 2017

_____
Notary Public, _____ County, New York
Commission Expires: _____

IRENE AURORA FLORES
Notary Public, State of New York
No. 02FL6080077
Qualified in Onodaga County
Commission Expires June 11, 20__

Witness:

_____



**STATE OF NEW YORK**
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL

DIVISION OF CRIMINAL JUSTICE
PUBLIC INTEGRITY BUREAU

October 18, 2016

Ms. Laytonia Flagg
112 Fordham Road, Apt. 1B
Syracuse, New York 13203

RE: Complaint # 16-1968

Dear Ms. Flagg:

On behalf of Attorney General Eric T. Schneiderman, I thank you for the information you provided to our office dated October 11, 2016.

The Public Integrity Bureau has carefully reviewed your correspondence and has determined that your complaint does not warrant action by this office at this time.

Please be advised that this Office does not provide legal opinions nor represent individuals. If you believe that you may have an individual claim, you may wish to consult a private attorney. Your local bar association provides attorney referrals. ***Please note: The complaint you have filed with this Office has no effect on any statute of limitations filing deadlines that might apply to your claim.*** By filing a complaint with this Office, you have <u>not</u> initiated a lawsuit or a proceeding, nor has this Office initiated a lawsuit or a proceeding on your behalf.

Thank you again for bringing this matter to our attention.

Very truly yours,

Public Integrity Bureau

APPLICATION FOR RELEASE OF PROPERTY

Name of Person Seeking Release of Property   Laytonia Flagg

Address   232 Empire Ave., Syracuse, NY 13207

Home / Cell Phone # 315-870-3715   Work Phone   Same

Case DR # n/a   Person(s) Associated with Case DR#:

Incident / Offense   Police Agency   SPD

Date of Incident / Offense   August 9, 2016

**PROPERTY TO BE RELEASED:**

$40,000 that was taken from my home at 112 Fordham Rd, Apt. 1B   (CASH)

ARE YOU THE OWNER OF THIS PROPERTY ?   (YES)  NO   (circle one)

NOTE: IF YOU ARE NOT THE PROPERTY OWNER, BUT HAVE BEEN DESIGNATED BY THE PROPERTY OWNER TO RECOVER HIS/HER PROPERTY, YOU *MUST* OBTAIN THE SIGNATURE OF THE PROPERTY OWNER IN THE SPACE BELOW AND YOU *MUST* AFFIRM UNDER PENALTY OF PERJURY THAT YOU IN FACT HAVE BEEN DESIGNATED TO RECOVER THE PROPERTY BY THE OWNER.

**AUTHORIZATION OF PROPERTY OWNER AUTHORIZING DESIGNEE TO RECOVER PROPERTY**
I AM THE OWNER OF THE PROPERTY SOUGHT TO BE RELEASED, I HEREBY REQUEST THE RETURN OF THE ABOVE PROPERTY. PLEASE RELEASE THE ABOVE PROPERTY TO MY AUTHORIZED DESIGNEE.

Name of Property Owner   Laytonia Flagg
Name of Authorized Designee
Relationship of Property Owner
Signature of Property Owner   Laytonia Flagg

**AFFIRMATION OF PROPERTY OWNER OR DESIGNEE**
I AM THE OWNER OF THE PROPERTY SOUGHT TO BE RELEASED OR HIS/HER DESIGNATED REPRESENTATIVE AUTHORIZED BY THE OWNER TO RECOVER HIS/HER PROPERTY.

AFFIRMED UNDER PENALTY OF PERJURY
THIS 2 DAY OF November , 2017

False Statements made herein are punishable as a Class A misdemeanor pursuant to New York Penal Law Section 210.43

***ASSISTANT DISTRICT ATTORNEY MUST COMPLETE REVERSE SIDE OF FORM***

**FOR DISTRICT ATTORNEY'S OFFICE USE:**

CASE DR # _____ PERSON(S) ASSOCIATED: _____

RELEASE CLEARED BY LAW & APPEALS BUREAU _____

RELEASE APPROVED _____

COMMENTS _____

RELEASE **NOT** APPROVED ✓ _____

COMMENTS MONEY FORFEITED DURING CRIMINAL PROSECUTION

Special Instructions to Police Agency Prior to Release:

( )  Photograph Property
( )  List Serial # of Property (if any)
( )  Other _____

Date _____

**ASSISTANT DISTRICT ATTORNEY** _____
**(Print Name)**

Signature of Assistant District Attorney _____

DISTRICT ATTORNEY'S OFFICE OFFICIAL STAMP MUST APPEAR BELOW

(Revised 12/2010)



# FELDMAN, KRAMER & MONACO, P.C.

### ATTORNEYS & COUNSELLORS

WARREN B. FELDMAN
HERBERT KRAMER
WILLIAM J. MONACO

ANITA Y. AGINIAN
JOSEPH J. BESTHRICH
LEONARD B. CHIPKIN
CANDACE DELLACONA
DANIEL J. DeROSSO
ALISON LEIGH EPILONE*
ALLAN E. FOGEL
DEBORAH S. GALLIN
HAROLD E. GERRY, JR.
IRINA KARLOVA
STEVEN KRAMER
JAMES E. ORLANDO
CHRISTOPHER M. PETILLO
DAVID A. PINCUS
DONNA ROSEN
ERIC SANDMAN
DANIELLE L. WHITE

OF COUNSEL

SANTO BARRAVECCHIO
DIANE V. BARRESI
ALAN BORACK
ANDREW F. BREMS
STEVEN BRENNAN
JOHN CALIMANO*
ALFRED CAMAIORE
KEVIN CAMPBELL
KATHLEEN COX
SANDRA L. DiGIORGIO
JOHN DI SANTO
STEPHEN FLYNN
PAMELA GOSHMAN
GLENN LEVINE
LUCRETIA M. LUCIVERO
HERBERT NEWMAN
KUMAR PATURI
KAREN L. PODELL
HENRY PON*
JOSEPH RANALDO
CHARLES R. ROSEN
ROBERT SCHLESINGER
KENNETH M. SPOLP*
ROBERT H. TUCKER
PAULA WEISTEIN
JOANNE ZALUD-CRAWFORD

PARALEGALS

INGRID ALBERTO
RIAZ ALI
SUSAN BACEY
CHERYL BECKER
SHAWNEICE BELIN
BARBARA CIOFFI
DONNA CONNOR
DEANNA GAY
JESSICA GEIS
TERRY GILMORE
GINA GUILLEME
DANIELLE LUCIANO
MARIE MANCUSO
JENNIFER MEROLLA
SHARON SAYLOR
LEANDRA SCATURRO
LINDA TROJCA

PLAN ADMINISTRATOR

EILEEN BAER

DIRECTOR OF OPERATIONS

LAURA WEIDNER

*ALSO ADMITTED IN NJ

350 VANDERBILT MOTOR PARKWAY
HAUPPAUGE, NEW YORK 11788-5110
631.231.1450
212.909.7575
800.832.5182
FAX 631.231.6732
fkmlaw.com

February 23, 2018

Office of the District Attorney
505 South State Street, 4th Floor
Syracuse, NY 13202
Attn.: Shaun Chase, ADA

Re:     Laytonia Flagg
        232 Empire Avenue
        Syracuse, NY 13207-2433
        **Our File No.: LS895591**

Dear Mr. Chase:

Ms. Laytonia Flagg has consulted with this office regarding funds confiscated from her home. We previously wrote to you regarding this matter on January 10, 2018.

As stated in our previous letter, Ms. Flagg informs us that on August 9, 2016, the Syracuse City Police confiscated $40,000.00 from her home at 112 Fordham Road, Syracuse, NY in conjunction with the arrest of her son. She filed an application for the release of property with your office and it was returned to her, indicating her request was denied as "money forfeited during criminal prosecution" (see attached).

Ms. Flagg requested that you provide her with the name of the entity to whom the funds were sent and the date that they were sent. You have yet to provide a response and Ms. Flagg reiterates her request.

Your prompt response is anticipated.

Very truly yours,
FELDMAN, KRAMER & MONACO, P.C.

Kathleen R. Cox

Kathleen R. Cox
631-231-1450, Ext. 312
KC/du2/LS895591

cc: Laytonia Flagg

CNYLEADS Narrative Supplement

| Syracuse Police Department | | | | | | DR # 16-405888 |
| Incident Type DRUG | Person Type VI | Victim Type Society | | | | |
| Last Name | First | | Middle | Suffix | DOB / / | Business Name State of NY |

On 9Aug16 at approximately 1400 hrs, I responded to 514 Marcellus St to assist with the execution of a Drug Search Warrant by detectives assigned to the Syracuse Police Department's Special Investigations Division (SID). Upon arrival, spoke to Tamacha L. Rodriguez (████████████) who stated that she lived at this location with Mario E. Leslie ███████████ Heroin had been located and recovered at this location along with a large amount of U.S. Currency.

Rodriguez was asked several times about where the U.S. Currency came from and she provided conflicting accounts. (Rodriguez is currently unemployed). Rodriguez told this detective that she had received a settlement from the U.S. Government due to the fact that her son is autistic was was denied SSI benefits when she originally applied for them several years ago. Rodriguez stated that she appealed the original decision and that her son now is on SSI.

A large quantity of U.S. Currency was located and recovered from a safe. Rodriguez claimed that approximately $5,000 was from her tax returns and the rest of the cash belonged to Leslie. During the course of the investigation, information was obtained that Rodriguez had dropped off a 2009 Buick Enclave at a dealership on W. Genesee St. This dealership was subsequently identified as "Syrreal Auto" which is located at 1130 W. Genesee St.

After arriving at the "Syrreal Auto" dealership, the vehicle in question was located in one of the garage bays. The vehicle was a 2009 black GMC Enclave bearing NY Registration GHD-1378. I spoke to Mark Skloda, who is a mechanic, and he stated that a Hispanic female and a black male had traded an Audi and paid cash for the Enclave. Skloda stated that the black male picked out the Enclave and had the Hispanic female go into the office to purchase the vehicle approximately two (2) weeks ago.

This detective spoke to the dealership owner, Nabil Bajjaly, who produced the paperwork associated with the sale of the Enclave. Bajjaly stated that the Hispanic female, (Tamacha Rodriguez) traded in an Audi (which was credited for $6,500) and paid $7,962 in cash. The date of the vehicle purchase was 1Aug16.

The vehicle was impounded and towed to Patrol East (2109 Erie Blvd East) by Joe from Pascarella's Towing (Truck 13F). The vehicle and the large amount of U.S. Currency are being held due to pending State Forfeiture Proceedings.

For further information, see other reports under this DR#.

—The vehicle was returned by the courts Police took the car wrongfully with no warrant!

| False Statements made herein are punishable as a Class A Misdemeanor pursuant to 210.45 NYSPL AFFIRMED UNDER PENALTY OF PERJURY | | | Administrative Use Only | | | Page 2 |
| 12. PRINT NAME Richard Curran | 13. ID# 14. SIGNATURE 0066  Electronically Signed | | 15. SUPERVISOR NAME (PRINT) Sgt D P Proud | | 16. ID#  APPROVED DATE  17. APPROVED BY SIGNATURE 0140  08/15/2016  Approved Electronically | of 5 |

Form 3 5NC (Rev 2/07)

**Texas? Property Supplement 2-14** — DR# 16-105888 — Total $ 31925.00

| | 1. OWNER | 2. STATUS | 3. DESC CODE | 4. QUANTITY | 5. MEASURE | 6. ITEM | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | 7. MAKE | 8. DRUG TYPE | 9. MODEL | 10. SERIAL NUMBER | 11. GUN TYPE | 12. GUN CALIBER | 13. VALUE | | | |
| 1 | Person 2 | 06 | 01 | 13860 | | Currency | | | | |
| | U.S. | | | | | | 13860.00 | | | |
| 2 | Person 2 | 06 | 01 | 17000 | | Currency | | | | |
| | U.S. | | | | | | 17000.00 | | | |
| 3 | Person 2 | 06 | 49 | 01 | | Keys | | | | |
| | | | | | | | 0.00 | | | |
| 4 | Person 2 | 06 | 49 | 01 | | Broken cell phones, misc papers, Huggie container | | | | |
| | | | | | | | 0.00 | | | |
| 5 | Person 3 | 06 | 09 | 01 | | Black zipper wallet with misc cards | | | | |
| | | | | | | | 1.00 | | | |
| 6 | Person 3 | 06 | 49 | 01 | | Black smart phone | | | | |
| | | | | | | | 1.00 | | | |
| 7 | Person 2 | 06 | 26 | 04 | GM | Green/Brown plant like substance | | | | |
| | Marijuana | 51 | | | | | 0.00 | | | |
| 8 | Person 2 | 06 | 26 | 24 | DU | Blue glassine envelopes with Tan powder | | | | |
| | Heroin | 01 | | | | | 0.00 | | | |
| 9 | Person 3 | 06 | 05 | 02 | | Mail in the Defendants name | | | | |
| | | | | | | | 0.00 | | | |
| 10 | Person 2 | 06 | 49 | 02 | | Cellular phones | | | | |
| | | | | | | | 1.00 | | | |
| 11 | Person 2 | 06 | 03 | 14 | | Counterfeit $20.00 bills | | | | |
| | | | | | | | 0.00 | | | |
| 12 | Person 3 | 06 | 01 | 81 | | Currency | | | | |
| | U.S. | | | | | | 81.00 | | | |
| 13 | Person 2 | 06 | 01 | 245 | | Currency | | | | |
| | U.S. | | | | | | 245.00 | | | |

False Statements made herein are punishable as a Class A Misdemeanor pursuant to 210.45 NYSPL AFFIRMED UNDER PENALTY OF PERJURY

PRINT NAME: **William Summers**   ID# 0409   SIGNATURE: **Electronically Signed**

Administrative Use Only
SUPERVISOR NAME (PRINT): **Sgt D P Proud**   ID# 0140   APPROVED DATE 08/11/2016   APPROVED BY SIGNATURE **Approved Electronically**

Form 3.5P (Rev 3/07)

**CNYLEADS Property Supplement 15-27**

DR# 16-405888    Total $ 31925.00

| 1. OWNER | 2. STATUS | 3.DESC. CODE | 4. QUANTITY | 5. MEASURE | 6. ITEM | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Person 3 | 06 | 01 | 290 | | Currency | | | | |
| 7. MAKE | 8. DRUG TYPE | 9. MODEL | | | 10. SERIAL NUMBER | 11. GUN TYPE | 12. GUN CALIBER | 13. VALUE | |
| U.S. | | | | | | | | 290.00 | |

| 1. OWNER | 2. STATUS | 3.DESC. CODE | 4. QUANTITY | 5. MEASURE | 6. ITEM | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Person 2 | 06 | 11 | 01 | | Box of red empty glassine envelopes | | | | |
| 7. MAKE | 8. DRUG TYPE | 9. MODEL | | | 10. SERIAL NUMBER | 11. GUN TYPE | 12. GUN CALIBER | 13. VALUE | |
| | | | | | | | | 1.00 | |

| 1. OWNER | 2. STATUS | 3.DESC. CODE | 4. QUANTITY | 5. MEASURE | 6. ITEM | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Person 2 | 06 | 11 | 01 | | Black digital scale | | | | |
| 7. MAKE | 8. DRUG TYPE | 9. MODEL | | | 10. SERIAL NUMBER | 11. GUN TYPE | 12. GUN CALIBER | 13. VALUE | |
| | | | | | | | | 1.00 | |

| 1. OWNER | 2. STATUS | 3.DESC. CODE | 4. QUANTITY | 5. MEASURE | 6. ITEM | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Person 3 | 06 | 11 | | | Numerous small black rubber bands | | | | |
| 7. MAKE | 8. DRUG TYPE | 9. MODEL | | | 10. SERIAL NUMBER | 11. GUN TYPE | 12. GUN CALIBER | 13. VALUE | |
| | | | | | | | | 1.00 | |

| 1. OWNER | 2. STATUS | 3.DESC. CODE | 4. QUANTITY | 5. MEASURE | 6. ITEM | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Person 3 | 06 | 05 | | | several social security cards | | | | |
| 7. MAKE | 8. DRUG TYPE | 9. MODEL | | | 10. SERIAL NUMBER | 11. GUN TYPE | 12. GUN CALIBER | 13. VALUE | |
| | | | | | | | | 0.00 | |

| 1. OWNER | 2. STATUS | 3.DESC. CODE | 4. QUANTITY | 5. MEASURE | 6. ITEM | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Person 2 | 06 | 01 | 43 | | Currency | | | | |
| 7. MAKE | 8. DRUG TYPE | 9. MODEL | | | 10. SERIAL NUMBER | 11. GUN TYPE | 12. GUN CALIBER | 13. VALUE | |
| U.S. | | | | | | | | 43.00 | |

| 1. OWNER | 2. STATUS | 3.DESC. CODE | 4. QUANTITY | 5. MEASURE | 6. ITEM | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Person 2 | 06 | 11 | | | Drug paperwork | | | | |
| 7. MAKE | 8. DRUG TYPE | 9. MODEL | | | 10. SERIAL NUMBER | 11. GUN TYPE | 12. GUN CALIBER | 13. VALUE | |
| | | | | | | | | 0.00 | |

| 1. OWNER | 2. STATUS | 3.DESC. CODE | 4. QUANTITY | 5. MEASURE | 6. ITEM | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Person 2 | 06 | 49 | | | Keys which fit 514 Marcellus Street, and 112 Ford | | | | |
| 7. MAKE | 8. DRUG TYPE | 9. MODEL | | | 10. SERIAL NUMBER | 11. GUN TYPE | 12. GUN CALIBER | 13. VALUE | |
| ham | | | | | | | | 0.00 | |

| 1. OWNER | 2. STATUS | 3.DESC. CODE | 4. QUANTITY | 5. MEASURE | 6. ITEM | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |
| 7. MAKE | 8. DRUG TYPE | 9. MODEL | | | 10. SERIAL NUMBER | 11. GUN TYPE | 12. GUN CALIBER | 13. VALUE | |
| | | | | | | | | | |

| 1. OWNER | 2. STATUS | 3.DESC. CODE | 4. QUANTITY | 5. MEASURE | 6. ITEM | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |
| 7. MAKE | 8. DRUG TYPE | 9. MODEL | | | 10. SERIAL NUMBER | 11. GUN TYPE | 12. GUN CALIBER | 13. VALUE | |
| | | | | | | | | | |

| 1. OWNER | 2. STATUS | 3.DESC. CODE | 4. QUANTITY | 5. MEASURE | 6. ITEM | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |
| 7. MAKE | 8. DRUG TYPE | 9. MODEL | | | 10. SERIAL NUMBER | 11. GUN TYPE | 12. GUN CALIBER | 13. VALUE | |
| | | | | | | | | | |

| 1. OWNER | 2. STATUS | 3.DESC. CODE | 4. QUANTITY | 5. MEASURE | 6. ITEM | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |
| 7. MAKE | 8. DRUG TYPE | 9. MODEL | | | 10. SERIAL NUMBER | 11. GUN TYPE | 12. GUN CALIBER | 13. VALUE | |
| | | | | | | | | | |

| 1. OWNER | 2. STATUS | 3.DESC. CODE | 4. QUANTITY | 5. MEASURE | 6. ITEM | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |
| 7. MAKE | 8. DRUG TYPE | 9. MODEL | | | 10. SERIAL NUMBER | 11. GUN TYPE | 12. GUN CALIBER | 13. VALUE | |
| | | | | | | | | | |

False Statements made herein are punishable as a Class A Misdemeanor pursuant to 210.45 NYSPL AFFIRMED UNDER PENALTY OF PERJURY

Administrative Use Only

PRINT NAME    ID#    SIGNATURE
**William Summers**    0409    **Electronically Signed**

SUPERVISOR NAME (PRINT)    **Sgt D P Proud**
ID#    APPROVED DATE    APPROVED BY SIGNATURE
0140    08/11/2016    **Approved Electronically**

Page 6 of 9

Form 350 (Rev.207)

**Offense Page**

DR # 16-405888

| | | 1 Law Type | 2 Section | 3 Sub | 4 Class | 5 Cat | 6 Degree | 7 Attempt | 8 Offense Name | | 9 Count |
|---|---|---|---|---|---|---|---|---|---|---|---|
| O F F E N S E | 1 | PL | 22016 | 01 | B | F | 3 | N | C.P.C.S. | | 01 |
| | 2 | PL | 26503 | 03 | C | F | 2 | N | C.P.W. | | 01 |
| | 3 | PL | 16545 | 04 | D | F | 4 | N | C.P.S.P. | | 01 |
| | 4 | PL | 26501 | | E | F | | N | Criminal Possession of a Firearm | | 01 |
| | 5 | PL | 22003 | | A | M | 7 | N | C.P.C.S. | | 02 |
| | 6 | PL | 22050 | 02 | A | M | 2 | N | C.U.D.P. | | 01 |
| | 7 | PL | 22050 | 03 | A | M | 2 | N | C.U.D.P. | | 01 |
| | 8 | PL | 22105 | | | V | | N | U.P.M. | | 02 |
| | 9 | | | | | | | | | | |
| | 10 | | | | | | | | | | |
| | 11 | | | | | | | | | | |
| | 12 | | | | | | | | | | |
| | 13 | | | | | | | | | | |
| | 14 | | | | | | | | | | |
| | 15 | | | | | | | | | | |
| | 16 | | | | | | | | | | |
| | 17 | | | | | | | | | | |
| | 18 | | | | | | | | | | |
| | 19 | | | | | | | | | | |
| | 20 | | | | | | | | | | |

False Statements made herein are punishable as a Class A Misdemeanor pursuant to 210.45 NYSPL AFFIRMED UNDER PENALTY OF PERJURY

Administrative Use Only

PRINT NAME   ID#   SIGNATURE
William Summers   9489   Electronically Signed

SUPERVISOR NAME (PRINT)   ID#   APPROVED DATE   APPROVED BY SIGNATURE
Sgt D P Proud   0140   08/11/2016   Approved Electronically

Form 3.5R (Rev 2/07)

CNYLEADS Narrative Supplement 1

| AGENCY | | | | | | |
|---|---|---|---|---|---|---|
| Syracuse Police Department | | | | | | 16-405888 |
| Person Type | Last Name | First | | Middle | Suffix | Business Name |
| V1 | | | | | | State of New York |

On 9th day of August 2016 at approximately 0700 hours while assigned to the Special Investigations Division/ Narcotics Section, I was contacted by Det. Sgt. A. Llukaci and advised to respond to 514 Marcellus Street and meet with New York State Parole Officers in regards to narcotics located there while they were conducting a home visit.

Upon my arrival I met with New York State Parole Officer Marc Saben. Saben stated he and another NYS Parole Officer went to 514 Marcellus Street at approximately 0645 hours to conducting a home visit of his parolee Mario E. Leslie, as listed in Leslie's conditions of release. P.O. Saben stated he knocked at the front door and a Hispanic female, who identified herself as (AR) Tamacha Rodriguez, Mario E. Leslie's girlfriend, answered the door. Saben advised Rodriguez that he was there to conduct a home visit. While P.O. Saben was speaking with Rodriguez he observed (AR) Mario E. Leslie exiting the bedroom off the dining room and walk to the front door.

P.O. Saben then spoke with Leslie and as P.O. Saben was turning to leave, he noticed a clear plastic sandwich bag on the Stereo Speaker with what he thought was approximately (30) blue glassine envelopes in it, folded and rubber banded together. P.O. Saben stated he recognized the glassine envelopes as how Heroin is packaged for sale. P.O.. Saben then turned back around and advised Leslie they were going to conduct a home search of his residence as per the conditions of release.

Other NYS Parole Officers arrived on scene they started searching the residence. P.O. Saben asked Leslie and Rodriguez if there was anything illegal in the residence and Rodriguez stated there was a gun in the safe in the master bedroom, same room Leslie was told of earlier. Rodriguez provided P.O. Saben the combination to the safe and they opened it. Once the safe was open they located a loaded Glock , model 30 semi-auto hand gun, serial # EWT675 and U.S. Currency. They also located other items in the master bedroom indictive to drug sales. The search was stopped and Sr. NYS Parole Officer Paul Rigby was notified and informed of their findings. P.O. Rigby then contacted Det. Sgt. A. Llukaci ( an affidavit from Saben was obtained in regards to his involvement).

After viewing the items located by P.O. Saben, I returned to the office and typed a search warrant for 514 Marcellus Street, a black 2002 Honda Civic, in the drive way, bearing NY registration HHW-5646 and the person of Mario E. Leslie and Tamacha Rodriguez. While typing, Det. Sgt. D. Proud and Det.'s J. Eiffe, E. Braun, E. Falkowski and J. Ballagh went to 514 Marcellus Street. (See reports under same DR# for their involvement).

*[handwritten in left margin: This is a lie. this was NEVER Said i never said nor wrote any thing like this]*

I was then notified by Det. Sgt. Proud that Rodriguez made a statement while he was at the residence, that Leslie keeps his money at his mothers house (112 Fordham Road, apartment #1B) and Leslie's set of keys to her residence. Det. Sgt Proud also advised me that he was informed by P.O. Saben that Leslie was paroled to 112 Fordham Rd., apt #1B for about a week then Leslie changed his residence to 514 Marcellus Street and has been living there for approximately three weeks.

At this time I added 112 Fordham Rd. #1B to the search warrant and petitioned the Honorable Judge Kate Rosenthal for search warrants for the above listed. The Honorable Judge Kate Rosenthal issued search warrants for 514 Marcellus Street, 112 Fordham Road #1B and the person of Mario E. Leslie and Tamacha Rodriguez.

Once the warrant was signed, other members of the Special Investigations Division arrived at 514 Marcellus Street and 112 Fordham Road #1B and executed the search warrant.

Pre and Post photos of 514 Marcellus Street were taken by Det. Sgt. D. Proud and the Pre and Post photos of 112 Fordham Road apartment #1B were taken by A.. Llukaci.

As I arrived back at 514 Marcellus Street I located Mario E. Leslie, whom was sitting in the kitchen and I read him his Miranda rights again. Leslie verbally stated he understood his rights and he agreed to give me a voluntary statement of his involvement. Leslie stated the everything located in the residence of 514 Marcellus Street was his, the Heroin, the money and one set of house keys on the speaker that goes to both his residence on Marcellus and tohis moms residence on Fordham Road as well as

| False Statements made herein are punishable as a Class A Misdemeanor pursuant to 210.45 NYSPL AFFIRMED UNDER PENALTY OF PERJURY | | | Administrative Use Only | | | Page 8 |
|---|---|---|---|---|---|---|
| PRINT NAME | ID# | SIGNATURE | SUPERVISOR NAME (PRINT) | ID# | APPROVED DATE   APPROVED BY SIGNATURE | of |
| William Summers | 0409 | Electronically Signed | Sgt D P Proud | 0140 | 08/11/2016   Approved Electronically | 9 |

Form3.5/x (Rev. 2/07)

| AGENCY | | | | | DR # |
|---|---|---|---|---|---|
| Syracuse Police Department | | | | | |
| Person Type | Last Name | First | Middle | Suffix | Business Name |
| VI | | | | | State of New York |

the digital scale and heroin packaging material in the bedroom. Leslie stated all the cash located in the house and the cash and Glock .45 cal hand gun in the safe belong to him. Leslie advised me he does sell heroin on the side for extra money and the only reason he had the loaded hand gun was for home protection. Leslie stated his girlfriend, Tamacha Rodriguez had nothing to do with any of the drugs, money or gun located in the residence. (See Voluntary Statement from Mario E. Leslie under same DR# for further information)

During the search of 514 Marcellus Street the following items were located , photographed and recovered:

1420 hours - Eiffe - loaded Glock, model 30, .45 cal. Semi-Auto handgun, serial # EWT675 - Located in the safe in the master bedroom.

1420 hours - Eiffe - $13,860.00 in U.S. Currency - Located in the safe in the master bedroom.

1426 hours - Proud-$17,000.00 in U.S. Currency - Located in the master bedroom closet in a yellow fleece

1432 hours - Eiffe - A "Huggies" plastic container with broken cellular phones, misc receipts, 14 suspected counterfeit bills, numerous red glassine envelopes, a black digital scale, small black rubber bands, drug records - Located on the bed which was moved off the safe from Parole officers

1433 hours - Eiffe - A  black zipper wallet containing credit cards, benefit card, misc. papers and receipts and $81.00 of U.S. Currency and a cellular phone - Located on the master bedroom bed which was moved off the safe by Parole Officers.

1435 hours - Summers - Clear knotted piece of plastic containing a green/brown plant like material - Located on the TV stand in the living room.

1437 hours - Summers - A clear plastic sandwich bag containing 28 blue glassine envelopes, all containing a brown /tan powdery substance - Located on the stereo speaker in the living room.

1437 hours - Summers - U.S. Currency, $43.00 - Located on the stereo speaker in the living room.

1438 hours - Eiffe - Mail addressed to Mario E. Leslie and Tamacha Rodriguez - Located inside the safe

1440 hours - Dicrasto- Cellular phone - Located in a plastic container in the master bedroom.

1444 hours - Eiffe - U. S. Currency, $245.00 - Located on top of the dresser in the master bedroom.

1527 hours - Parole - U.S. Currency $290.00 - Located in Tamacha Rodriguez's bra

1000 hours - Eiffe - A set of house keys, that go to 514 Marcellus Street and 112 Fordham Road, apt #1B - Located on top of the stereo speaker in the living room.

A portion of the suspected Heroin in the blue glassine envelopes was field tested using a #3 Nitric Acid field test kit and it yielded a positive color reaction for the presence of Heroin. A portion of the green/brown plant like material was field tested using a Duquenois-Levine Reagent field test kit and it yielded a positive color reaction for the presence of Marijuana.

The above listed items of evidentiary value were collected and subsequently entered into evidence at the Public Safety Building and the Glock hand gun was submitted to the Center of Forensic Science, crime lab for testing.

Tamacha Rodriguez was issued an appearance ticket for C.P.C.S. in the 7th degree and UPM and released.

Mario E. Leslie was transported to the Justice Center and booked for C.P.C.S. 3rd, C.P.C.S. 7th, C.U.D.P. 2nd sub 2 and 3, UPM, Criminal Possession of a firearm and CPW 2nd.

On Wednesday, the 10th day of August 2016 at approximately 1140 hours I noticed the serial number on the hand gun, which was written down, was wrong, it was written as EWI675 instead of EWT675 so I had records re-checked the hand gun with the serial number EWT675 nationally and the check returned with a "HIT" stating the hand gun was stolen out of Benhill County Georgia on the 4th day of June 2016, a teletype was sent to them of the recovery.

I contacted ADA Shawn Chase and advised him of the hand gun being stolen and a complaint Information was written and given to him for the case.

Case closed, no further information.

False Statements made herein are punishable as a Class A Misdemeanor pursuant to 210.45 NYSPL AFFIRMED UNDER PENALTY OF PERJURY

| PRINT NAME | ID# | SIGNATURE | SUPERVISOR NAME (PRINT) | ID# | APPROVED DATE | APPROVED BY SIGNATURE |
|---|---|---|---|---|---|---|
| William Summers | 0409 | Electronically Signed | Sgt D P Proud | 0140 | 08/11/2016 | Approved Electronically |

Page 9 of 9

Form 3.5N (Rev. 2/07)

31,525
+ 40,000
71,525 - 67,269 = 4,256

where did this figure come from?